# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT<br><br>Case No. 2:23-cv-00417-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Jerry Ernest Lopez's ("Mr. Lopez") complaint.[2] Mr. Lopez has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Lopez's complaint under the authority of the IFP Statute. As explained below, the court lacks jurisdiction over Mr. Lopez's claims. However, because Mr. Lopez might be able to amend his complaint to cure the issues identified, the court affords Mr. Lopez the opportunity to do so by October 25, 2023.

---

[1] ECF No. 6.

[2] ECF No. 5.

[3] ECF No. 4.

**BACKGROUND**

Mr. Lopez's complaint names as defendants United States of America and Social Security Administration.[4] Mr. Lopez's complaint contains the following allegations in support of his claims:

- "I was awarded a partial disability of 13 months by a [j]udge[.] [The] office changed [the] judge[']s order to 9 months and social security agents [gave] false statements informing me I was awarded SSI [and are] now stating I cannot[] collect both SSI and my partial disability settlement together."[5]

- "Changing a judge[']s order also changing my benefit amounts[.] I was awarded $15,600-$2,700 for attorney and [$]999.99 crucial payment to set up account[.] [R]emainder is roughly $11,999 now dropped to $7,200 and some change and 2 to 3 months to get [paid]."[6]

Based upon these allegation, Mr. Lopez asserts a cause of action for "discrimination," purportedly under 42 U.S.C. § 1983.[7]

**ANALYSIS**

The court orders Mr. Lopez to amend his complaint because, for the following reasons, the court lacks jurisdiction over Mr. Lopez's claims: (I) the court lacks jurisdiction over Mr. Lopez's § 1983 claims because Mr. Lopez has failed to establish a waiver of the United States'

---

[4] ECF No. 5 at 2.
[5] ECF No. 5 at 4.
[6] ECF No. 5 at 5.
[7] ECF No. 5 at 1, 4.

sovereign immunity. However, in liberally construing Mr. Lopez's complaint, although it is framed as a claim of "discrimination" under § 1983, it appears that Mr. Lopez is challenging the partially favorable decision of the Commissioner of Social Security ("the Commissioner") regarding his application for disability benefits. Even so, (II) the court lacks jurisdiction over the Commissioner's decision without information regarding whether Mr. Lopez exhausted administrative remedies under 42 U.S.C. § 405(g). Therefore, (III) the court grants Mr. Lopez the opportunity to amend his complaint to provide the court with this information.

I. **The Court Lacks Jurisdiction Over Mr. Lopez's § 1983 Claims.**

This court lacks subject matter jurisdiction over this action because Mr. Lopez has failed to establish a waiver of the United States' sovereign immunity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . ."[8] The United States' consent to be sued is a "prerequisite for jurisdiction."[9] When the United States has not waived its sovereign immunity, a lawsuit must be dismissed for want of subject matter jurisdiction.[10]

As the plaintiff in this action, Mr. Lopez bears the burden of establishing federal jurisdiction.[11] To do so, he "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[12] In this case, the court concludes that it lacks subject matter jurisdiction over Mr. Lopez's claims because Mr. Lopez has not established

---

[8] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations and citation omitted).

[9] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[10] *See, e.g.*, *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

[11] *Penteco Corp. Ltd. P'ship---1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[12] *U. S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

compliance with any waiver of sovereign immunity allowing him to sue the United States or the Social Security Administration. The United States has not waived its sovereign immunity for its agencies, or employes acting in their official capacities, to be sued for alleged Constitutional violations.[13] Consequently, "Section 1983 has no application to federal officers acting pursuant to federal law,"[14] and the court lacks subject matter jurisdiction over Mr. Lopez's § 1983 claims.

## II. The Court Lacks Jurisdiction Over the Commissioner's Decision Without Information Regarding Whether Mr. Lopez Exhausted Administrative Remedies Under 42 U.S.C. § 405(g).

In liberally construing Mr. Lopez's complaint, although it is framed as a claim of "discrimination" under 42 U.S.C. § 1983, it appears that Mr. Lopez is challenging the partially favorable decision of the Commissioner regarding his application for disability benefits. Specifically, Mr. Lopez seems to be challenging the number of months that the Administrative Law Judge ("ALJ") determined that Mr. Lopez qualified for disability benefits, as well as the award amount. Even if this is what Mr. Lopez intends to allege, the court lacks sufficient information to determine whether Mr. Lopez exhausted administrative remedies under 42 U.S.C. § 405(g) before filing his complaint. The court cannot review Mr. Lopez's case without a final decision by the Commissioner. If Mr. Lopez has failed to exhaust his administrative remedies, "there is no final [agency] decision and, as a result, no judicial review . . . ."[15]

---

[13] *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable . . . for constitutional tort claims."); *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (holding no waiver of sovereign immunity to bring constitutional claims against the Department of Justice or its employees sued in their official capacities).

[14] *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

[15] *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

The general federal jurisdiction statute, 28 U.S.C. § 1331, does not establish subject matter jurisdiction for an action challenging the Commissioner's decision in a Social Security benefits case. Instead, 42 U.S.C. § 405(g) gives federal district courts jurisdiction to review only "final decision[s] of the Commissioner of Social Security made after a hearing."[16] "[T]he Act does not define 'final decision,' instead leaving it to the [agency] to give meaning to that term through regulations."[17] The applicable regulations provide that the agency will have made a final decision only after a disability claimant has completed four steps: (1) initial determination, (2) reconsideration, (3) a hearing before an ALJ, and (4) a request for review by the Appeals Council.[18] A claimant who fails to take any one of those steps within the time prescribed "lose[s] [his] right to further administrative review and [his] right to judicial review."[19]

The Social Security Administration ("SSA") mailed Mr. Lopez a letter on March 20, 2023, informing Mr. Lopez that the ALJ had awarded him a monthly disability benefit for May 2021 through February 2022.[20] The SSA letter notified Mr. Lopez that he had sixty days to appeal the ALJ's determination.[21] The letter explained that the sixty-day period began "the day after you receive this letter. We assume you received this letter 5 days after the date on it unless

---

[16] 42 U.S.C. § 405(g).

[17] *Sims*, 530 U.S. at 106.

[18] 20 C.F.R. § 416.1400(a).

[19] *Id.* § 416.1400(b).

[20] ECF No. 5-1 at 1.

[21] ECF No. 5-1 at 4.

you show us that you did not receive it within the 5-day period."[22] Therefore, Mr. Lopez was required to appeal the ALJ's decision to the Appeals Council by May 19, 2023.

The court lacks any information regarding whether Mr. Lopez filed his appeal by that date, let alone whether the Appeals Council fully and finally decided the appeal for purposes of judicial review. If Mr. Lopez has failed to exhaust his administrative remedies, "there is no final [agency] decision and, as a result, no judicial review."[23] Therefore, the court permits Mr. Lopez to amend his complaint to demonstrate whether he has properly exhausted his administrative remedies under 42 U.S.C. § 405(g) prior to filing suit.

### III. The Court Permits Mr. Lopez to Amend His Complaint.

Based upon the foregoing analysis, the court lacks jurisdiction over Mr. Lopez's claims. However, because Mr. Lopez might be able to amend his complaint to cure the issues identified, the court affords Mr. Lopez the opportunity to amend his complaint by October 25, 2023.

### CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Lopez is ordered to amend his complaint by October 25, 2023. The words "Amended Complaint" should appear in the caption of the amended complaint.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Lopez's failure to file an amended complaint may result in a recommendation to dismiss this action.

---

[22] ECF No. 5-1 at 4.
[23] *Sims*, 530 U.S. at 107.

DATED this 27th day of September 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge