THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and SOCIAL SECURITY ADMINISTRATION,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00417-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

    This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Jerry Ernest Lopez's ("Mr. Lopez") amended complaint.[2] Mr. Lopez has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Lopez's amended complaint under the authority of the IFP Statute. As explained below, the court lacks jurisdiction over Mr. Lopez's claims and recommends that District Judge David Barlow dismiss this action without prejudice.

---

[1] ECF No. 6.

[2] ECF No. 8.

[3] ECF No. 4.

## BACKGROUND

Mr. Lopez's original complaint named the United States of America and Social Security Administration as defendants.[4] Mr. Lopez's complaint contained the following allegations in support of his claims:

- "I was awarded a partial disability of 13 months by a [j]udge[.] [The] office changed [the] judge[']s order to 9 months and social security agents [gave] false statements informing me I was awarded SSI [and are] now stating I cannot[] collect both SSI and my partial disability settlement together."[5]

- "Changing a judge[']s order also changing my benefit amounts[.] I was awarded $15,600-$2,700 for attorney and [$]999.99 crucial payment to set up account[.] [R]emainder is roughly $11,999 now dropped to $7,200 and some change and 2 to 3 months to get [paid]."[6]

Based upon these allegations, Mr. Lopez asserted a cause of action for "discrimination," purportedly under 42 U.S.C. § 1983.[7]

In a September 28, 2023 Memorandum Decision and Order, the court reviewed the sufficiency of Mr. Lopez's original complaint under the authority of the IFP Statute.[8] Upon

---

[4] ECF No. 5 at 2.
[5] ECF No. 5 at 4.
[6] ECF No. 5 at 5.
[7] ECF No. 5 at 1, 4.
[8] ECF No. 7.

review, the court concluded that it lacked jurisdiction over Mr. Lopez's claims but afforded him the opportunity to amend his complaint to cure the issues identified.[9]

Mr. Lopez filed an amended complaint on October 13, 2023, which contains claims identical to those in his original complaint.[10] Additionally, Mr. Lopez filed what he titled a "motion to/for waiver of immunity" stating that "Salt Lake federal courthouse lacks jurisdiction of this matter" and requesting to "send it to [the] proper [j]urisdiction"[11] as well as a "motion to/for submit into evidence" the administrative record from his underlying application for disability benefits.[12]

## LEGAL STANDARDS

Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter." The party invoking federal jurisdiction bears the burden of establishing it.[13] To do so, the plaintiff "must allege in his pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[14] When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under Fed. R. Civ. P. 12(b)(1).[15] Federal courts "have an independent obligation to determine whether subject-matter

---

[9] ECF No. 7 at 6.

[10] ECF No. 8.

[11] ECF No. 9.

[12] ECF No. 10.

[13] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[14] *U.S. ex rel. Precision Co. v. Kock Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citation omitted).

[15] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether subject matter jurisdiction exists at any time.[16]

In analyzing Mr. Lopez's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[17] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[18] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[19]

## ANALYSIS

The court recommends dismissal of this action because, as demonstrated below, the court lacks jurisdiction over Mr. Lopez's claims. As explained in the court's prior order, the court lacks jurisdiction over Mr. Lopez's § 1983 claims because Mr. Lopez has failed to establish a waiver of the United States' sovereign immunity. However, in liberally construing Mr. Lopez's amended complaint, although it is framed as a claim of "discrimination" under § 1983, it appears that Mr. Lopez is challenging the partially favorable decision of the Commissioner of Social Security ("Commissioner") regarding his application for disability benefits. Even so, Mr. Lopez failed to appeal the Administrative Law Judge's ("ALJ") decision within the time period prescribed by the Social Security Administration ("SSA"), and, therefore, the court lacks judicial review over this

---

[16] *Id.* at 501.

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[18] *Bellmon*, 935 F.2d at 1110.

[19] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

action under 42 U.S.C. § 405(g). Accordingly, allowing Mr. Lopez to amend his complaint a second time would be futile.

I. **The Court Lacks Jurisdiction Over Mr. Lopez's § 1983 Claims.**

This court lacks subject matter jurisdiction over this action because Mr. Lopez has failed to establish a waiver of the United States' sovereign immunity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . ."[20] The United States' consent to be sued is a "prerequisite for jurisdiction."[21] When the United States has not waived its sovereign immunity, a lawsuit must be dismissed for want of subject matter jurisdiction.[22]

The court must dismiss Mr. Lopez's section 1983 claims because "Section 1983 has no application to federal officers acting pursuant to federal law."[23] Accordingly, the court lacks subject matter jurisdiction over Mr. Lopez's § 1983 claims.

II. **Mr. Lopez Failed to Appeal the ALJ's Decision by the Deadline and Consequently the Court Lacks Jurisdiction Over Mr. Lopez's Complaint.**

In liberally construing Mr. Lopez's amended complaint, although it is framed as a claim of "discrimination" under 42 U.S.C. § 1983, it appears that Mr. Lopez is challenging the partially favorable decision of the Commissioner regarding his application for disability benefits. Specifically, Mr. Lopez seems to be challenging the number of months that the ALJ determined that Mr. Lopez qualified for disability benefits, as well as the award amount. However, Mr.

---

[20] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotations and citation omitted).

[21] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

[22] *See, e.g.*, *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015).

[23] *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

Lopez did not appeal the ALJ's decision within the time prescribed by the SSA and, consequently, the court lacks jurisdiction over Mr. Lopez's complaint.

The general federal jurisdiction statute, 28 U.S.C. § 1331, does not establish subject matter jurisdiction for an action challenging the Commissioner's decision in a Social Security benefits case. Instead, 42 U.S.C. § 405(g) gives federal district courts jurisdiction to review only "final decision[s] of the Commissioner of Social Security made after a hearing."[24] "[T]he Act does not define 'final decision,' instead leaving it to the [agency] to give meaning to that term through regulations."[25] The applicable regulations provide that the agency will have made a final decision only after a disability claimant has completed four steps: (1) initial determination, (2) reconsideration, (3) a hearing before an ALJ, and (4) a request for review by the Appeals Council.[26] A claimant who fails to take any one of those steps within the time prescribed "lose[s] [his] right to further administrative review and [his] right to judicial review."[27] "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies."[28]

---

[24] 42 U.S.C. § 405(g).

[25] *Sims v. Apfel*, 530 U.S. 103, 106 (2000).

[26] 20 C.F.R. § 416.1400(a).

[27] *Id.* § 416.1400(b).

[28] *Sims*, 530 U.S. at 107; *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 15 (2000) (recognizing § 405(g)'s "nonwaivable and nonexcusable requirement that" a claimant exhaust his administrative remedies "before raising [his claim] in court").

Mr. Lopez took the first three steps but not the fourth. Mr. Lopez obtained an initial determination, sought reconsideration, and had a hearing before an ALJ.[29] The SSA mailed Mr. Lopez a letter on March 20, 2023, informing Mr. Lopez that the ALJ had awarded him a monthly disability benefit for May 2021 through February 2022.[30] The SSA letter notified Mr. Lopez that he had sixty days to appeal this decision.[31] The letter explained that the sixty-day period began "the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."[32] Therefore, Mr. Lopez was required to appeal the ALJ's decision to the Appeals Council by May 19, 2023.

Despite clear notice of what he needed to do to preserve his right to judicial review, Mr. Lopez did not file an appeal by this deadline or any date thereafter.[33] Because Mr. Lopez failed to take this step, Mr. Lopez has forfeited his right to judicial review by this court.[34] Accordingly, the court recommends dismissing Mr. Lopez's complaint for lack of jurisdiction.

---

[29] ECF No. 10 at 7.

[30] ECF No. 5-1 at 1.

[31] ECF No. 5-1 at 4.

[32] ECF No. 5-1 at 4.

[33] Nothing in Mr. Lopez's amended complaint or the administrative record "submit[ted] into evidence" (ECF No. 10) indicates that Mr. Lopez appealed the ALJ's decision to the Appeals Council by May 19, 2023 or any date thereafter. In fact, Mr. Lopez appears to concede that this court lacks jurisdiction by filing what he called a "motion to/for waiver of immunity" stating that "Salt Lake federal courthouse lacks jurisdiction of this matter" and requesting to "send it to [the] proper [j]urisdiction." ECF No. 9.

[34] "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review." *Sims*, 530 U.S. at 107.

### III.  Allowing Mr. Lopez to Amend His Complaint a Second Time Would be Futile.

Based upon the foregoing analysis, the court lacks jurisdiction over Mr. Lopez's claims. When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under Fed. R. Civ. P. 12(b)(1).[35] In the court's September 28, 2023 Memorandum Decision and Order, the court concluded that it lacked jurisdiction over Mr. Lopez's claims but afforded him the opportunity to amend his complaint to cure the issues identified.[36] Mr. Lopez's amended complaint did not cure the jurisdictional infirmities in his complaint that the court identified in its prior order. Under these circumstances, providing Mr. Lopez with a second chance to amend would be futile, and, therefore, the court recommends this action be dismissed without prejudice.

CONCLUSION AND RECOMMENDATION

Based on the foregoing analysis, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[37] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[38] Failure to object may constitute waiver of objections upon subsequent review.

---

[35] *Arbaugh*, 546 U.S. at 506.

[36] ECF No. 7 at 6.

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[38] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 14th day of November 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge