THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JERRY ERNEST LOPEZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [11] REPORT AND RECOMMENDATION AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:23-cv-00417-DBB-JCB<br><br>District Judge David Barlow |

　　　　Before the court is Magistrate Judge Jared C. Bennett's Report and Recommendation filed November 14, 2023.[1] The magistrate judge recommends that the court dismiss the instant action without prejudice because the court lacks jurisdiction over Plaintiff Jerry Ernest Lopez's ("Mr. Lopez") claims and any further amendment would be futile.[2] Mr. Lopez was notified that an objection must be filed within 14 days of service pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2).[3] No party filed an objection to the Report and Recommendation within the allowable time limit.[4]

---

[1] R. & R., ECF No. 11.
[2] *Id.* at 8.
[3] *Id.*
[4] *See* Docket.

1

With no timely and specific objection,[5] the court reviews the Report and Recommendation for clear error.[6] Finding that the magistrate judge did not clearly err and that his analysis and conclusions are sound, the court adopts the Report and Recommendation in full.

## ORDER

Accordingly, the Report and Recommendation[7] is ADOPTED. The court DISMISSES WITHOUT PREJUDICE Plaintiff's action.

Signed December 4, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[5] Mr. Lopez filed a notice of appeal to the Tenth Circuit on November 15, 2023. *See* ECF No. 12. Mr. Lopez asserts as the sole reason for his appeal: "lack of matter [sic] jurisdiction[;] waiver of immunity submitted with amended complaint never decided upon before dismissal[.]" *Id.* at 1. The notice makes no mention of the Report and Recommendation. Even if the court interprets Mr. Lopez's filing as an objection, it is not "sufficiently specific" enough to merit de novo review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (filing timely and specific objections "enables the district judge to focus attention on those issues . . . that are at the heart of the parties' dispute . . . [and to] give the district court an opportunity 'to correct any errors immediately'" (quoting *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981))); *see Ziankovich v. Large*, 833 F. App'x 721, 724 (10th Cir. 2020) (unpublished). It is not apparent exactly what Mr. Lopez objects to in the Report and Recommendation. And the court will "not act as [Mr. Lopez]'s advocate" to try to further decipher his filing. *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

[6] *See Rodriguez v. Third Jud. Dist. Ct. Cnty.*, No. 2:23-cv-00437, 2023 WL 6690531, at *1 (D. Utah Oct. 12, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *RMCO Holdings, LLC v. Golden Trading & Transp., LLC*, No. 22-cv-00650, 2023 WL 3815069, at *7 (D. Colo. June 5, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)).

[7] ECF No. 11.